UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

ALBERT D. OSWALD, JR., and others
similarly situated,

      Plaintiff,

-vs-                                                      Case No:   14-180 Erie

KEYSTONE SHIPPING CO. and/or
KEY LAKES, INC.

      Defendants.
_____/
O'BRYAN BAUN KARAMANIAN
DENNIS M. O'BRYAN
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009
(248) 258-6262
(248) 258-6047 fax
dob@obryanlaw.net
_____/

## CLASS ACTION COMPLAINT UNDER RULE 9(h)

      NOW COMES Plaintiff, on his behalf and other similarly situated persons, complaining against Defendant as follows:

      1.      Jurisdiction and venue lie in this action, Defendant being subject to service of process within this forum.

      2.      Subject matter jurisdiction is founded under the general maritime law entitlement of maintenance, same being part of the contract for wages.

      3.      At all times material to issues herein, Plaintiff, and other similarly situated persons, were

seamen who had suffered illness or injury in the service of Defendant's vessel(s) and were thereafter paid maintenance.

4. The maintenance rate should reflect the cost of quality of food and lodging on the ship and the equivalent on shore.

5. Plaintiff and others similarly situated were paid maintenance at a rate that did not reflect the cost of food and lodging comparable in quality to what they were entitled to at sea that was based on an inadequate rate specified in a collective bargaining agreement (cba).

6. Plaintiff, and others similarly situated, are entitled under general maritime law to maintenance in an amount reflective of the quality of food and lodging on the ship which is approximated by the amounts for food and lodging Defendant allots crewmembers when required to live on shore because of bad weather, ship breakdown, etc.

7. Defendant is well aware of the impropriety of the aforesaid practice, see <u>Lundborg v Keystone Shipping Company,</u> 138 Wash. 2d 658, 981, P.2d 854 (1999), yet persists in perpetuating it thereby evidencing a callous, recalcitrant, reckless disregard of seamen's rights, calling for the assessment of attorney fees, and punitive damages on behalf of each and every class member.

## CLASS ACTION ALLEGATIONS

Plaintiff is entitled to sue as a representative party on behalf of crewmembers who have been paid maintenance at an inadequate rate based on a cba provision not reflective of the cost of the quality of good and lodging on the ship for the following reasons:

8. Joinder of all class members is not practicable because:

   A. The class is too numerous and/or disperse geographically.

9. The claim of Plaintiff is typical of the claims of the class.

10. Plaintiff will fairly and adequately protect the interests of the class.

11. The prosecution of separate actions by individual members of the class would create a risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct of Defendant; and

    B. Adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of adjudication or substantially impair or impede their ability to protect their interest.

12. Questions of fact and law common to the members of the class predominate over any questions affecting only individual members, i.e. (a) whether a maintenance rate fixed in a cba that is not reflective of the cost of the quality of food and lodging on the vessel is binding on a seaman, (b) whether the amount Defendant allots seamen who have to live on shore because of ship break downs, bad weather, etc. establishes a reliable maintenance rate, and (c) whether attorney fees are payable, and punitive damages are owed every class member.

13. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because it will:

    A. Avoid a multiplicity of actions;

    B. Permit the litigation of small claims otherwise sufficient to support litigation;

    C. Promote judicial economy.

WHEREFORE Plaintiff and class members pray for Judgment in an amount reflective of their true

maintenance rate to which they are entitled (Defendant to receive credit for maintenance paid), plus interest, costs, punitive damages, attorney fees and any other relief to which they are lawfully entitled in the premises.

                                  O'BRYAN BAUN KARAMANIAN

                                  /s/ Dennis M. O'Bryan
                                  DENNIS M. O'BRYAN
                                  Attorney for Plaintiff
                                  401 S. Old Woodward, Ste. 450
                                  Birmingham, MI 48009
                                  (248) 258-6262     (248) 258-6047 - fax
                                  dob@obryanlaw.net

DATED:   June 30, 2014